B. Otis Felder, Esq., *Pro Hac Vice*
*CSB Certified Admiralty & Maritime Specialist*
Taylor H. Allin, Esq.
Arizona Bar No. 031834
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
2231 E. Camelback Road, Suite 200
Phoenix, AZ  85016
Telephone: (480) 562-3660
Facsimile:    (480) 562-3659
Otis.Felder@wilsonelser.com
Taylor.Allin@wilsonelser.com

*Attorneys for Petitioner and Plaintiff-in-Limitation
Imperial Sunrise, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

# <u>IN</u> <u>ADMIRALTY</u>

| | |
|---|---|
| In Re: Complaint and Petition of Imperial Sunrise, Inc. as Owner of the former vessel "Imperial Sunrise" 1991 Stardust Cruiser HIN TKZ00341E091, For Exoneration From or Limitation of Liability, <br><br> Petitioner and Plaintiff-in-Limitation | Case No. 3:23-cv-08620-DWL <br><br> Hon. Dominic W Lanza <br><br> **PETITIONER'S MEMORANDUM IN SUPPORT OF UNOPPOSED EX PARTE APPLICATION FOR JUDGMENT EXONERATING PETITIONER** |

   NOW COMES the Petitioner, Imperial Sunrise, Inc. (hereinafter "Petitioner" and also referred to as a "Plaintiff-in-Limitation"), as having an ownership interest of the watercraft "Imperial Sunrise", a 1991 Stardust Cruiser HIN TKZ00341E091 (hereinafter referred to as the "Vessel"), whose registered owner was Imperial Sunrise, Inc. ("Owner"),  seeks the Court to issue an order exonerating from any future assertion of liability as alleged in his First Amended Complaint and Petition

1. (ECF No. 1). There have been no claims filed in these proceedings following the March 26, 2024 deadline provided in the publication on the Monition (ECF No. 41) of the Court's Order (ECF No. 10) to do so. Claimants New Hampshire Insurance Company, as subrogee of Mark Yardley, owner of Eales Landing Houseboat, formerly erroneously identified as AIG Property Casualty Company, and Aramark Sports and Entertainment Services, LLC dba Lake Powell Resorts & Marinas, who may have filed a claim here, instead stipulated to dismiss with prejudice of this lawsuit in the U.S. District Court for the District of Arizona, in Admiralty (see Allin Decl.). As no claims have been timely presented or are likely to be made in these proceedings, exoneration is proper. *See* also Order Granting Petition for Application for Exoneration (ECF No. 15), *In Re: Complaint and Petition of Nate Paulino as Owner of a Certain 2021 Yamaha Waverunner, HIN YAMA0874D121, for Exoneration from or Limitation of Liability*, Case No. 3:24-cv-08164-PCT-SMB (D. Ariz. Jan. 7, 2025).

**I. BACKGROUND**

This action, commenced by Petitioner, seeks exoneration from, or limitation of, a vessel owner's liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501-30503 (formerly 46 U.S.C. §§ 181 *et seq*.). It arises from a potential claim by claimants New Hampshire Insurance Company, as subrogee of Mark Yardley, owner of Eales Landing Houseboat, formerly erroneously identified as AIG Property Casualty Company, and Aramark Sports and Entertainment Services, LLC dba Lake Powell Resorts & Marinas, who caused to be filed in the U.S. District Court for the District of Arizona in Admiralty, Case No. 3:23-cv-08620-DWL, a Complaint on or about April 5, 2024, in which they alleged they suffered property damage from a fire of unknown origin on the Vessel that sank and rested the Vessel in approximately two hundred feet of water at the bottom of Lake Powell, near Page, Arizona. The fire occurred while the vessel was docked at Wahweap Marina and caused damage to the

1  dock, spreading to other vessels and resulting in loss and damage to them as well.
2  No personal injuries reported. ("Incident").  See Complaint at ¶ 6 (ECF No. 1).
3       Pursuant to the Supplemental Admiralty Rules, Petitioner filed with the Court
4  on November 30, 2023, a Complaint for Exoneration From or Limitation of Liability
5  (ECF No. 1) and the Court issued an Order directing all claimants to file and make
6  proof of claims by March 26, 2024, directing the issuance of a Monition, and
7  restraining prosecution of claims involving the Vessel. (ECF No. 10). Service by
8  publication was made in accordance with the Court's Order as provided by the Proof
9  of Publication and Declaration (ECF No. 41). Upon providing notice of these
10 proceedings to counsel for potential claimants, a resolution was also reached, and the
11 claimants stipulated to dismiss with prejudice of this lawsuit.   (ECF No. 44).
12 Consequently, since no additional claims have been brought on or before March 26,
13 2024, and all known claims have been dismissed against Petitioner, the exoneration
14 should be ordered.

15    **II.   ARGUMENT**
16        **A.    Exoneration is Ripe for Decision.**
17        The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*., creates a system
18 whereby the liability of the owner of a vessel is limited to the value of the owner's
19 interest in the vessel, or where there are no claims, the owner is exonerated. *See*
20 Staring, Graydon S., Limitation Practice and Procedure, 53 Tul. L. Rev. 1134, 1137-
21 38 (June 1979). Such is the case here, as there are no claims pending against the
22 Petitioner. *See also* In the of Matter Hechinger, 890 F. 2d 202, 207 (9th Cir. 1989).
23        In following the correct practice and contemporary procedure among many
24 maritime courts, including this one, Petitioner accordingly seeks to have the Court
25 enter the order of exoneration and judgment in his favor as is required where there
26 are no pending claims against the vessel owner.  See also Order Granting Petition for
27 Application for Exoneration (ECF No. 15), *In Re: Complaint and Petition of Nate*
28 *Paulino as Owner of a Certain 2021 Yamaha Waverunner, HIN YAMA0874D121,*

*for Exoneration from or Limitation of Liability*, Case No. 3:24-cv-08164-PCT-SMB (Jan. 7, 2025); Order Granting Petition for Application for Exoneration (ECF No. 42), *In Re: Complaint and Petition of Exact Agency Inc., dba Anchors Away Boat Rental as Owner of a certain vessel for Exoneration from or Limitation of Liability*, C.D. Cal. Case No. 2:23-cv-05584-CBM-RAO (Jul. 24, 2024); Order Granting Exoneration (ECF No. 9), *In Re: Complaint and Petition of Linna Buser, as Owner Pro Hac Vice of the Vessel Inflatable Fiji 7' Dinghy for Exoneration from or Limitation of Liability*, S.D. Cal. Case No. 3:23-cv-01750-LAB-MSB (Mar. 18, 2024); Order Granting Exoneration (ECF No. 13), *In Re: Complaint and Petition of California Parasail LLC, as Owner Pro Hac Vice of the vessel Sky High for Exoneration from or Limitation of Liability,* Case No. 8:22-cv-01870-CJC-DMF (Jan. 9, 2023). *See also, for example,* Order Granting Exoneration, ECF No. 25, C.D. Cal. Case No. 2:12-cv-04403-MWF-JC (Feb. 25, 2013); Order Granting Exoneration, ECF No. 25, N.D. Cal. Case No. 3:10-cv-02410-SI (Nov. 5, 2010); Order of Exoneration, *Hedrick v. Western Outdoor News (In re Owen),* No. 196-JAM-GGH, ECF No. 154.

As explained by the Ninth Circuit:

> Once a proper limitation of liability petition has been filed, the court "must **[first]** determine what acts of negligence or conditions of unseaworthiness caused the accident." *Petition of M/V Sunshine, II*, 808 F.2d 762, 764 (11th Cir. 1987) (*quoting Farrell Lines, Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir. 1976)). That is, a liability must be shown to exist. "The whole doctrine of limitations of liability presupposes that a liability exists which is to be limited. If no liability exists there is nothing to limit." *Northern Fishing & Trading Co., Inc. v. Grabowski*, 477 F.2d 1267, 1272 (9th Cir. 1973).

*In re Hechinger*, 890 F.2d at 207. (Emphasis added to original insertion of the word "first" by Ninth Circuit). *See also In re Wood's Petition*, 230 F.2d 197, 199 (2nd Cir. 1956); *Lancashire Shipping Co. v. Morse Dry Dock & Repair Co.*, 43 F.2d 750, 759 (E.D. N.Y. 1930), *aff'd*, 48 F.2d 1077 (2nd Cir. 1931).

///

Where, as here, there are no claims present, whether because there is no liability or where there is a resolution, exoneration should be entered. *See Complaint of Am. President Lines, Ltd.*, 1980 A.M.C. 1872 (N.D. Cal. Apr. 7, 1980) (court entered final judgment exonerating plaintiff-in-limitation from liability after all claims had been compromised); 7A West's Fed. Forms, Admiralty §§ 12166 & 12168 (4th ed.)

### 1. Exoneration under the Limitation Act

The Limitation Act requires broad reading to effectuate its goals. *See Flink v. Paladini*, 279 U.S. 59, 63 (1929); *Admiral Towing Co. v. Woolen*, 290 F.2d 641, 645 (9th Cir. 1961); *See also In re Complaint of Paradise Holdings, Inc.*, 619 F. Supp. 21, 27-28 (D. Hawai'i 1984). Limitation of liability proceedings are governed by the Federal Rules of Civil Procedure generally and by Rule F of the Supplemental Admiralty Rules specifically. While Supplemental Admiralty Rule F addresses many of the distinctive features of a limitation proceeding, "the limitation procedure can be said to be founded almost entirely upon jurisprudence and practice." Staring, Limitation Practice and Proc. 53 Tul. L. Rev. at 1137. A limitation proceeding is admittedly "unusual" and "unique," but is an integral part of admiralty law. *See* Staring, Limitation Practice and Procedure, 53 Tul. L. Rev. at 1134. *See also In re Aramark Sports and Entertainment Services, LLC*, 831 F.3d 1264, 1273 (10th Cir. 2016) (describing history and purposes of law).

### 2. Overview of Limitation Proceedings.

The current version of the Limitation Act was codified in 2006 at 46 U.S.C. § 30501 *et seq.* (formerly 46 U.S.C. app. § 181 *et seq.*). If a limitation proceeding is to be contested, a party must file an answer unless the claim has included an answer. Supplemental Admiralty Rule F(5).

There are three possible outcomes to a limitation petition: (1) exoneration, (2) limitation, or (3) no limitation. If no negligence is proven (or no claims are presented), the inquiry ends, and the district court will typically issue an order

exonerating the owner from liability. See In re <u>Trawler Snoopy, Inc.,</u> 268 F. Supp. 951, 953 (D. Me. 1967) ("If no liability is found to exist, the petitioner is entitled to a decree of exoneration, and there is no need to consider the claim to limitation."). If claimants demonstrate negligence, the burden shifts to the owner to show a lack of privity or knowledge. See <u>Farrell Lines,</u> 530 F.2d at 10. If the owner meets this burden, the court caps the owner's liability at the value of the vessel and pending freight, resolves the claims, and apportions the fund. See <u>Supplemental Admiralty Rule F(8).</u> In this case, claims have been presented within the time set forth by the Court, and all known claims have been dismissed. (ECF No. 44).

### 3. Public Notice of this Action Was Given.

An order was sought and issued effectuating the procedural requirements of Supplemental Admiralty Rules F(3) and F(4) in commencing this action. <u>See also</u> 3-VIII Benedict on Admiralty: *Limitation of Liability* §80 ("Form Nos. 80-2 and 80-3"). Consequently, the Court ordered notice to be given in this case, and Petitioner subsequently confirmed service as to all known claimants and publication of the Monition. Service by publication was made in accordance with the Court's Order as provided by the Proof of Publication and declaration. (ECF No. 41).

### B. Where there are no Claims, Exoneration Should Be Ordered.

As noted above, when there are no claims, there is no potential for liability, and as such, exoneration is the appropriate relief. See <u>In the of Matter Hechinger</u>, 890 F. 2d 202, 207 (9th Cir. 1989). See also In re <u>Trawler Snoopy, Inc.,</u> 268 F. Supp. 951, 953 (D. Me. 1967) ("If no liability is found to exist, the petitioner is entitled to a decree of exoneration, and there is no need to consider the claim to limitation.").

Here, the only potential claimants agree to have their lawsuit dismissed with prejudice (ECF No. 44), and there are no other claimants. (Allin Decl.). Given that there will be no claims pending by any party, Petitioner seeks an order exonerating it and judgment to be entered dismissing this action.

### III. CONCLUSION

Based on the foregoing, Petitioner seeks the Court to enter an order of exoneration and judgment in his favor.

Dated: July 8th, 2025

Respectfully Submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: *Taylor H. Allin*
Taylor H. Allin
B. Otis Felder
Attorneys for Petitioner and
Imperial Sunrise, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of July, 2025, the foregoing document entitled, **PETITIONER'S MEMORANDUM IN SUPPORT OF UNOPPOSED EX PARTE APPLICATION FOR JUDGMENT EXONERATING PETITIONER** was e-filed via electronic service through the United States District Court for the District of Arizona's ECF System.

By: *Emilee Staley*